United States District Court
Southern District of Texas
**ENTERED**
October 25, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL WILLIAMS, | § § § § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-22-1185 |
| NEWREZ LLC d/b/a SHELLPOINT MORTGAGE SERVICING, | § § § § § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This is a mortgage lending dispute. The borrower, Michael Williams, sued his current loan servicer, NewRez LLC, doing business as Shellpoint Mortgage Servicing, in an effort to stop the scheduled foreclosure of his home. Williams has been in default on his mortgage loan since October 2018. Williams nonetheless sued Shellpoint for intentional infliction of emotional distress, breach of contract, and violations of the Texas Property Code, the Real Estate Settlement Procedures Act, and federal regulations relating to mortgage loans backed by the United States Department of Veteran Affairs. He argued that Shellpoint failed to provide him with proper notice, failed to offer him a face-to-face meeting before foreclosure, as required by Veteran Affairs regulations, and failed to review his loan modification application. Williams sought declaratory and injunctive relief, as well as actual damages, nominal damages, exemplary damages, and attorney's fees.

Shellpoint moved for summary judgment. (Docket Entry No. 13). The briefing on the summary judgment motion concluded on October 17, 2022. (Docket Entry No. 15). Shortly thereafter, Williams filed an emergency motion for a temporary restraining order against a foreclosure sale scheduled to take place on November 1, 2022. (Docket Entry No. 16).

The court held a hearing on both motions on October 24, 2022. At the hearing, counsel for Williams advised the court that no fact issues existed and that Shellpoint was entitled to summary judgment as a matter of law. Specifically, Williams's counsel conceded that his client was in default; had been offered a face-to-face meeting with the lender but failed to follow through to schedule it; and that Williams had failed to submit a complete loan modification application. With the benefit of those admissions, and having reviewed the record, briefs, and applicable law, the court grants Shellpoint's motion for summary judgment. (Docket Entry No. 13). The court briefly addresses each of Williams's claims below. Williams's motion for a temporary restraining order is denied as moot. (Docket Entry No. 16). Final judgment will be entered separately. The reasons are set out below.

I.     **Legal Standard**

"Summary judgment is appropriate where 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Springboards to Educ., Inc. v. Pharr-San Juan-Alamo Indep. Sch. Dist.*, 33 F.4th 747, 749 (5th Cir. 2022) (quoting FED. R. CIV. P. 56(a)). "A fact is material if it might affect the outcome of the suit and a factual dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Thompson v. Microsoft Corp.*, 2 F.4th 460, 467 (5th Cir. 2021) (quoting reference omitted). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion[] and identifying" the record evidence "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"When 'the non movant bears the burden of proof at trial,' a party moving for summary judgment 'may merely point to the absence of evidence and thereby shift to the non movant the

burden of demonstrating by competent summary judgment proof that there is [a dispute] of material fact warranting trial." *MDK Sociedad De Responsabilidad Limitada v. Proplant Inc.*, 25 F.4th 360, 368 (5th Cir. 2022) (alteration in original) (quoting reference omitted). "However[,] the movant 'need not negate the elements of the nonmovant's case.'" *Terral River Serv., Inc. v. SCF Marine Inc.*, 20 F.4th 1015, 1018 (5th Cir. 2021) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam)). "If 'reasonable minds could differ' on 'the import of the evidence,' a court must deny the motion." *Sanchez v. Young County*, 956 F.3d 785, 791 (5th Cir. 2020) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–51 (1986)).

After the movant meets its Rule 56(c) burden, "the non-movant must come forward with 'specific facts' showing a genuine factual issue for trial." *Houston v. Tex. Dep't of Agric.*, 17 F.4th 576, 581 (5th Cir. 2021) (quoting references omitted). The nonmovant "must identify specific evidence in the record and articulate the 'precise manner' in which the evidence" aids their case. *Shah v. VHS San Antonio Partners, L.L.C.*, 985 F.3d 450, 453 (5th Cir. 2021) (quoting reference omitted). Of course, all reasonable inferences are drawn in the nonmovant's favor. *Loftin v. City of Prentiss*, 33 F.4th 774, 779 (5th Cir. 2022). But a nonmovant "cannot defeat summary judgment with 'conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.'" *Jones v. Gulf Coast Rest. Grp., Inc.*, 8 F.4th 363, 369 (5th Cir. 2021) (quoting reference omitted).

## II.     Analysis

### A.     Breach of Contract

"The elements of a breach of contract claim are: (1) a valid contract, (2) plaintiff performed or tendered performance, (3) defendant breached the contract, and (4) plaintiff was damaged as a result of the breach." *Thornton v. Dobbs,* 355 S.W.3d 312, 316 (Tex. App.–Dallas 2011, no pet.). When asked at his deposition what damages resulted from the alleged breach of contract at his

deposition, Williams responded, "I'm going to say none." (Docket Entry No. 13-1, at 43). Because Williams cannot prove one of the elements of a breach of contract claim, that claim fails as a matter of law. Shellpoint is entitled to summary judgment.

### B. The Texas Property Code

The Texas Property Code requires a servicer to provide a borrower with written notice that the debt is in default, with at least 20 days to cure the default, and with notice of foreclosure at least 21 days before the sale. TEX. PROP. CODE § 51.002(b), (d). At his deposition, Williams confirmed that he received the notice of default and opportunity to cure in January 2018 and the notice of foreclosure in February 2022. Williams does not dispute that these notices were timely. Shellpoint is entitled to summary judgment on the Texas Property Code claims.

### C. The Real Estate Settlement Procedures Act

The Real Estate Settlement Procedures Act and its accompanying regulations require certain procedures for servicers of federally related mortgage loans, but those procedures apply only on receipt of a *complete* loss mitigation application. 12 CFR § 1024.41. Williams conceded that he did not provide Shellpoint with a completed loan modification or loss mitigation application. Shellpoint is entitled to summary judgment on these claims.

### D. The Veteran Affairs Regulations

Federal regulations provide that for loans guaranteed or insured by the Secretary of the Department of Veteran Affairs, "a face-to-face interview with the borrower(s) or a reasonable effort to arrange such a meeting" by the servicer will be required in certain situations. 38 CFR § 36.4350(g)(1)(iii). In his deposition, and again at the October 24, 2022 hearing, Williams conceded Shellpoint offered a face to face meeting, but Williams failed to pursue the offer. Shellpoint is entitled to summary judgment on this claim.

E.  **The Intentional Infliction of Emotional Distress Claim**

To prevail on a claim of intentional infliction of emotional distress under Texas law, a plaintiff must show that (1) the defendant "acted intentionally or recklessly; (2) its conduct was extreme and outrageous; (3) its actions caused [the plaintiff] emotional distress; and (4) the emotional distress was severe." *Kroger Tex. Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 796 (Tex. 2006).  Again, Williams admitted in his deposition that Shellpoint caused him no damages. (Docket Entry No. 13-1, at 43).  Shellpoint is entitled to summary judgment on this claim.

### III.  Conclusion

Williams cannot prove an essential element for any of the claims he asserted against Shellpoint.  Shellpoint's motion for summary judgment is granted on all counts.  (Docket Entry No. 13).  Williams's motion for a temporary restraining order is denied as moot.  (Docket Entry No. 16).  Final judgment will be entered separately.

SIGNED on October 25, 2022, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge